UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14123-CIV-MARTINEZ-MAYNARD

**SHERRYL NATALIE MEDINA,**

    Plaintiff,

v.

**ANDREW SAUL, Commissioner,**
**Social Security Administration,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR ATTORNEY FEES (DE 29)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion and noting that Defendant does not object to the relief requested therein, this Court recommends to the District Court as follows:

Plaintiff filed this case on April 23, 2020, seeking judicial review of the Defendant's denial of her application for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. DE 1. Defendant filed his Answer and a copy of the Administrative Record on September 29, 2020. DE 18, 19. The undersigned ordered the parties to file cross-motions for summary judgment by November 13, 2020 and set a hearing on the forthcoming motions for February 16, 2021. DE 15. After the parties filed their respective motions, Defendant filed an unopposed motion for entry of judgement with remand. DE 27. The motion was granted, and the cause was remanded back to the Commissioner of Social Security. DE 28. Plaintiff now moves for an award of $7,805.12 in attorney's fees, $400.00 in costs, $19.20 in expenses, and $12.00 in paralegal fees pursuant to the Equal Access to Justice Act ("EAJA").

### A. Entitlement to Attorney's Fees

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The conditions for an award of fees under the EAJA are: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. *Id.* § 2412(d); *Delaney v. Berryhill*, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

Plaintiff is entitled to an EAJA award because she has met the five conditions. First, Plaintiff is the prevailing party because the District Court entered judgment in favor of Plaintiff, remanding the case back to the Commissioner. *Ochoa v. Comm'r of Soc. Sec.*, 2020 WL 4208042, at *2 (S.D. Fla. July 22, 2020) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) ("The law is clear that a plaintiff in a social security appeal prevails if the court orders a sentence-four remand."). Second, an EAJA motion must allege that the Commissioner's position was not substantially justified, and then the Commissioner bears the burden to show that it was. *Id.*; *White v. United States,* 740 F.2d 836, 839 (11th Cir. 1984). Here, Plaintiff contends Defendant's position was not substantially justified, DE 29 at ¶7, and Defendant does not attempt to argue otherwise. *See Ochoa*, 2020 WL 4208042, at *2 (finding the second condition met under the same circumstances); *Delaney*, 2018 WL 7820219, at *1 (same). Third, an EAJA request is timely if it is made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the

judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party); *Ochoa*, 2020 WL 4208042, at *2. In this case, Plaintiff's Motion was filed less than 90 days after the Final Judgment was entered, thus it is timely. Fourth, in the Motion Plaintiff alleges that her net worth at the time of the proceeding was less than $2 million. DE 29 at ¶8. Lastly, the undersigned finds there are no special circumstances that would make an award of fees unjust.

### B. Reasonableness of Fees Claimed

Attorney fees requested pursuant to the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

In this case, Plaintiff seeks an award of $7,805.12 in attorney's fees for 37.60 hours of work on this matter billed at rates of $207.50 and $208.75 per hour. DE 29 at ¶¶10-11. $207.50 represents the hourly rate for the work counsel performed in 2020 and $208.75 represents the hourly rate for work performed in 2021. A cost-of-living adjustment is nearly automatic. *See Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (noting "it seems difficult to envision a situation in which the district court would not adjust the cap upward for inflation[.]"). The rates Plaintiff seeks are consistent with the cost-of-living adjustments for those respective years. *See Sensat v. Berryhill*, 2018 WL 5257143, at *6 n. 12 (S.D. Fla. Oct. 22, 2018) (providing the steps to calculate the change in cost of living).

Plaintiff has provided a Schedule of Hours from her attorney describing the tasks performed, the date the tasks were performed, and the time spent on each task. DE 29 at 5-6. The undersigned has reviewed the specific tasks and finds the time spent reasonable. Plaintiff's counsel spent 31.4 hours—the bulk of the 37.60 hours sought—reviewing the record and preparing and briefing Plaintiff's motion for summary judgment. The remaining hours relate to other work generally performed throughout the case, including reviewing documents and consulting with Plaintiff. Counsel also included the 2.30 hours he spent preparing the instant fee petition. Defendant has not objected to any of these entries.

Given the amount and quality of the work performed in this case, a total of 37.60 hours is reasonable. Plaintiff's counsel specializes in handling social security appeals, as detailed in his affidavit (DE 29 at 6) and reflected in his many appearances before this and other federal courts. The Court also finds the hourly rate sought—which accounts for a reasonable cost of living adjustment—is in full accord with applicable statutory standards. Therefore, the undersigned finds that Plaintiff is entitled to the request attorney fee amount of $7,805.12.

A prevailing party under the EAJA may also recover paralegal fees. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Plaintiff seeks $12 in fees for .20 hours counsel's paralegal spent filing Plaintiff's motion for summary judgment on CM/ECF. DE 29 at 6. The undersigned finds that these fees are also reasonable.

**C. Costs and Expenses**

Plaintiff requests reimbursement of costs and expenses of $419.20, comprising of $400 in filing fees and $19.20 in certified mail charges. The EAJA authorizes the award of costs and expenses. *Ochoa*, 2020 WL 4208042, at *3. *See e.g. Lilley v. Saul*, 2021 WL 271518, at *1 (S.D. Fla. Jan. 27, 2021) (awarding $400 in filing fees under the EAJA); *Milanes v. Berryhill*, 2017 WL

3493145, at *2 (S.D. Fla. Aug. 14, 2017) (same); *Volk v. Astrue*, 2012 WL 5387967, at *1 (M.D. Fla. Nov. 2, 2012) (awarding $21.98 in certified nailing charges pursuant to the EAJA). The undersigned readily finds that Plaintiff is entitled to the $419.20 in costs and expenses.

**ACCORDINGLY**, this Court recommends to the District Court that the Motion for Attorney Fees (DE 29) be **GRANTED** and that the Plaintiff be **AWARDED** a total of $7,805.12 in attorney fees, $12 in paralegal fees, $400 in costs, and $19.20 in expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a *de novo* determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 28th day of May, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE


cc:   Counsel of Record (via CM/ECF "NEF" Email)

   Mark Zakhvatayev, Esq.
   PO Box 101110
   Cape Coral, FL 33910